UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                      Case No: 2:18-cv-380-FtM-99MRM

BOCA GRANDE RESORT INN, LLC,

    Defendant.
_____/

## ADA TITLE III SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to issue a scheduling order tailored for the circumstances of this case, which has been brought under Title III of the Americans With Disabilities Act ("ADA"). Accordingly, to secure the just, speedy, and inexpensive determination of this case, *see* Fed. R. Civ. P. 1, it is

**ORDERED** that the provisions of Federal Rule of Civil Procedure 26(a)(1) and Local Rule 3.05, which concern initial disclosures and the filing of a case management report, are waived. Instead, the parties must comply with the deadlines set forth below. These deadlines are not advisory and must be strictly followed. No extensions of time will be granted absent good cause.

    1.    Plaintiff[1] must serve a copy of this Order on any Defendant who is served with process after the date of this Order.

---

[1] If there is more than one plaintiff or defendant named in this case, the singular reference to plaintiff or defendant also includes the plural.

2. By **October 21, 2018**, Plaintiff must answer, under oath or penalty of perjury, the Court's Interrogatories, attached as Exhibit A; serve a copy on Defendant; and file the answers with the Court titled as "Answers to Court's Interrogatories." By that same date, Plaintiff must also provide Defendant a copy of an **existing** written report concerning any claimed ADA violations.

3. By **November 20, 2018**, Defendant must serve Plaintiff with a written response including any existing report on which Defendant intends to rely (an expert report is not yet required). Defendant's response must include Defendant's position on any claimed violations of the ADA.

4. By **December 20, 2018**, the parties must **mediate** this case before a mediator of their choice. If the parties cannot agree on a mediator, the Court will appoint one.

5. By **January 3, 2019**, the parties must jointly file a status report that notifies the Court whether they have settled the case or reached an impasse.

6. If the parties settle, the settlement agreement should contain, to the extent possible, an agreement on attorney's fees, including litigation expenses, and costs. If there is no agreement, the Court, at the parties' request, will reserve jurisdiction to decide the issue of attorney's fees, expenses, and costs. Any request for attorney's fees, expenses, and costs, must be made in a separate motion or petition filed no later than fourteen (14) days after the entry of judgment.[2] Notably, if the parties wish the Court to enter a consent judgment, the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

---

[2] In deciding entitlement to and any amount of attorney's fees, the Court advises that it will consider whether any pre-suit efforts were made to resolve the issues without filing suit.

7. If parties do not settle, the parties must **immediately** file a Case Management Report. *See* M.D. Fla. R. 3.05. The Court may thereafter hold a Preliminary Pretrial Conference and will issue a Case Management and Scheduling Order. The Court's goal is to set the case for trial at the earliest practicable time, but no later than twelve (12) months from the date of service of process on the first named Defendant.

8. Until the parties file the Case Management Report, all discovery in this case is **STAYED**, except as provided herein.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of September, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel and parties of record

# EXHIBIT A

## COURT'S INTERROGATORIES TO INDIVIDUAL PLAINTIFF(S)

1. Residence address.

2. Name of current employer and place of employment.

3. Describe the nature of your disability.

4. Date(s) and time(s) that you visited the subject property.

5. Did anyone accompany you? If so, who?

6. What is the proximity of the subject property to your home and/or place of employment?

7. Describe your past patronage of the subject property.

8. Describe the definiteness of your plans to return to the subject property.

9. Specifically list each architectural barrier that you personally observed or experienced at the subject property.

10. Did you take notes or make a contemporaneous record of these barriers? If so, attach a copy to these Answers.

11. What notice of deficiencies or other efforts did you make to resolve your complaints before filing suit?

_____  _____
Date                                                            Patricia Kennedy

STATE OF FLORIDA
COUNTY OF _____

     BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Court's Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

     SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 20\_\_\_\_.

                                          NOTARY PUBLIC

                                          _____
                                          Print Name:
                                          Title: Notary Public
                                          Serial Number (if any):
                                          Commission Expires:

## COURT'S INTERROGATORIES TO ENTITY PLAINTIFF(S)

1. Address of the corporation, partnership, or company.

2. When and where were you incorporated, if applicable, and where is your principle place of business, headquarters, or main office located?

3. Name and address of the registered agent, as well as any individual with authority or liability on behalf of the entity.

4. Name and address of any individual who, on behalf of the entity, attempted to access and use the subject property in the past but faced discrimination because of architectural barriers that violate the ADA.

5. For *each* individual identified in answer to Interrogatory No. 4, provide the

    a. Nature of the individual's disability.

    b. Date(s) and time(s) that the individual visited the subject property.

    c. Name of any person who accompanied the individual to the subject property.

    d. Proximity of the subject property to the individual's residence and/or place of employment.

    e. The individual's past patronage of the subject property.

    f.  Describe the definiteness of the individual's plans to return to the subject property.

    g.  The specific architectural barriers that the individual personally observed or experienced at the subject property.

    h.  Whether the individual took notes or made a contemporaneous record of any barrier. If so, attach a copy to these Answers.

6. What notice of deficiencies or other efforts did you make to resolve your complaints before filing suit?

Date: _____  By:_____

                                    As Plaintiff's:_____

                                    Printed Name:_____

STATE OF FLORIDA
COUNTY OF _____

    BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Court's Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

    SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 20____.

                                    NOTARY PUBLIC

                                    _____
                                    Print Name:
                                    Title: Notary Public
                                    Serial Number (if any):
                                    Commission Expires: